**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36700**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 449 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 4, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TODD THOMAS EDMO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with four-year determinate term for aggravated assault, affirmed.

Molly J. Huskey, State Appellate Public Defender; Mark J. Ackley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Todd Thomas Edmo pled guilty to aggravated assault. Idaho Code §§ 18-901(b) and 18-905(b). The district court imposed a unified five-year sentence with a four-year determinate term to run consecutively with any sentence received for a parole violation in another case, suspended the sentence and placed Edmo on supervised probation for a period of five years with certain terms and conditions. Subsequently, Edmo admitted violating the terms of his probation and the district court revoked his probation and retained jurisdiction. Following a period of retained jurisdiction, the district court again placed Edmo on probation. Thereafter, Edmo again admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Edmo appeals, contending that the

1

district court abused its discretion in revoking probation without *sua sponte* reducing his sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 218 P.3d 5 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Edmo's original sentence without modification. Therefore, the order revoking probation and directing execution of Edmo's previously suspended sentence, without modification, is affirmed.

2