**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44364/44365/44366**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 384** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 1, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DARIUS DUANE BROWN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation, <u>affirmed</u>; order denying, in part, Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 44364, Darius Duane Brown pled guilty to burglary. Idaho Code § 18-1401. The district court sentenced Brown to a unified term of seven years with three years determinate, suspended the sentence, and placed Brown on supervised probation for four years. Subsequently, Brown admitted to violating the terms of the probation two times, and the district court in both instances continued Brown's supervised probation. Brown admitted to violating his probation a third time and the district court continued him on supervised probation, but extended the probationary period by one year.

1

In Docket No. 44366, an officer attempted to stop Brown after observing him cross the fog line several times. Brown refused to stop and accelerated away, crossing into the state of Washington and the pursuit was terminated. The State charged Brown with eluding a peace officer, I.C. § 39-1404(2), with a persistent violator enhancement, I.C. § 19-2514.

In Docket No. 44365, officers attempted to stop a vehicle Brown was driving. A pursuit ensued with Brown driving his vehicle recklessly and at excessive speeds, eventually crashing into a ditch and subsequently being apprehended. The State charged Brown with eluding a peace officer, I.C. § 39-1404(2), with a persistent violating enhancement, I.C. § 19-2514.

Brown subsequently admitted to violating probation in Docket No. 44364; pled guilty to eluding a peace officer with persistent violator enhancement in Docket No. 44365; pled guilty to eluding a peace officer with persistent violator enhancement in Docket No. 44366. The district court revoked Brown's probation and ordered the underlying sentence in Docket No. 44364 executed, imposed concurrent unified sentences of twenty years with five years determinate in Docket Nos. 44365 and 44366, and retained jurisdiction in all three cases. Following the period of retained jurisdiction, the district court suspended Brown's sentences and placed him on supervised probation for a period of three years.

Brown later violated the terms of his probation a fifth time and the district court consequently revoked his probation and ordered the underlying sentences executed in all three cases. Brown filed notices of appeal from the district court's orders revoking probation. Brown also filed Idaho Criminal Rule 35 motions for reduction of sentence, which the district court granted, in part, by reducing Brown's sentences in Docket Nos. 44365 and 44366 to twenty years with four years determinate. The district court declined to reduce Brown's sentence for the burglary charge. Brown appeals, asserting that the district court abused its discretion by revoking probation and by denying, in part, the Rule 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834

2

P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Brown's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying, in part, Brown's Rule 35 motions is affirmed.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or by denying, in part, the Rule 35 motion. Therefore, the orders revoking probation and denying the Rule 35 motion are affirmed.