IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 45865/45866

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 23, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KATIE ANN SMITH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Mike Wetherell; Hon. Samuel A. Hoagland, District Judges.

Orders revoking probation, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————————————————

PER CURIAM

In consolidated cases, Katie Ann Smith pled guilty to felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(6), (9). In the 2010 case, the district court imposed a unified sentence of ten years, with a minimum period of confinement of three and one-half years, suspended the sentence and placed Smith on probation. In 2011, Smith admitted to violating probation in the 2010 case by incurring another driving under the influence charge, to which she pled guilty. The district court revoked probation in the 2010 case and imposed a concurrent, unified sentence of ten years, with a minimum period of five years, in the 2011 case, retaining jurisdiction in both cases. Following Smith's completion of retained jurisdiction, the

1

district court suspended both sentences and placed Smith on probation. Subsequently, Smith admitted to violating the terms of probation, but the district court reinstated her probation. Smith again admitted to probation violations, and the district court revoked probation in both cases and retained jurisdiction a second time.

Following the second period of retained jurisdiction, the district court again placed Smith on probation. Smith admitted to violating her probation, and the district court consequently revoked probation and ordered execution of the original sentences. At the disposition hearing, Smith requested a reduction in the determinate term of her sentence in the 2011 case to correspond with the sentence in the 2010 case. The district court denied the request. Smith appeals, contending that the district court abused its discretion in revoking probation and in denying her oral Idaho Criminal Rule 35 motion for reduction of the determinate portion of the 2011 sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Smith's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's denial of Smith's Rule 35 motion is affirmed.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Smith's sentences without modification. Therefore, the orders[1] revoking probation and directing execution of Smith's previously suspended sentences are affirmed.

---

[1] In the 2010 case the district court entered an "Order for Revocation of Probation, Imposition of Sentence and Order Retaining Jurisdiction." In the 2011 case, the court entered a "Disposition Judgment" revoking probation. For purposes of this opinion, this Court will refer to orders revoking probation.