899 P.2d 984

**STATE of Idaho, Plaintiff–Respondent,**

v.

**George UPTON, Defendant–Appellant.**

No. 21237.

Court of Appeals of Idaho.

June 27, 1995.

Jonathan B. Hull, Kootenai County Public Defender; Andrew Mankowski, Deputy Pub-

lic Defender, Coeur d'Alene, for appellant. Andrew Mankowski argued.

Hon Alan G. Lance, Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued.

LANSING, Judge.

George Upton appeals from the district court's order revoking probation and imposing previously suspended sentences for two counts of grand theft. He argues that one of the four probation violations found by the district court was not supported by the evidence and that the probation revocation order therefore must be vacated. We conclude that, even absent the challenged violation, the district court would have revoked probation based upon three other undisputed violations and, accordingly, we affirm.

On October 13, 1992, George Upton was convicted of two counts of grand theft, I.C. §§ 18–2403(1), 18–2407(1). These charges arose out of a recreational vehicle sales business operated by Upton and his ex-wife. Upton sold two recreational vehicles to two purchasers. The purchasers paid substantial down-payments and were to pick up their vehicles at a later date. When the purchasers arrived to take possession of their vehicles, the sales lot was vacant and Upton was nowhere to be found. Upton was eventually extradited from California to stand trial on these charges. According to the presentence investigation report, other persons were victimized by the same scheme.

The district court imposed two concurrent sentences of two years determinate followed by eight years indeterminate. The sentences were suspended, however, and Upton was placed on seven years intensive supervised probation.

On February 10, 1994, a probation violation report was filed. This report alleged that Upton had violated probation in four ways: First, Upton had violated condition no. 6 of his probation agreement, which precluded his entry into any financial transactions requiring installment payments. Second, Upton had been charged in Branson, Missouri, with six felonies and was being investigated by Coeur d'Alene authorities for addi-

tional charges of grand theft. Third, Upton had submitted a falsified travel plan and a falsified marriage certificate to his probation officer, and fourth, Upton had not made required restitution payments.

Upton appeals only the finding of guilt as to his violation of condition no. 6, which provided: "I will not enter into any financial agreements which require installment payments without written permission from my supervising officer." The report of violation alleged that Upton had signed two contracts for the purchase of real estate at prices totalling $615,000. Because each of the contracts called for a single lump sum payment due on March 29, 1994, Upton contended that no "installment payments" were required by the contracts and that he therefore had not violated the probation condition. The trial court nonetheless found that a violation of probation condition no. 6 had occurred. On appeal Upton contends that this determination was erroneous.

It is unnecessary for this Court to resolve this issue as to whether Upton's entry into the real estate contracts violated his probation terms, for it is apparent from the record that the district court would have revoked Upton's probation based upon the three other probation violations even if the court had found no noncompliance with condition no. 6.

In determining whether to revoke probation a court must consider whether probation is meeting the objective of rehabilitation while also providing adequate protection for society. *State v. Boss*, 122 Idaho 747, 748, 838 P.2d 876, 877 (Ct.App.1992); *State v. Phillips*, 113 Idaho 176, 177, 742 P.2d 431, 432 (Ct.App.1987). This decision is committed to the discretion of the trial court, and we review the determination for an abuse of discretion. *State v. Reine*, 122 Idaho 928, 841 P.2d 458 (Ct.App.1992); *State v. Hass*, 114 Idaho 554, 758 P.2d 713 (Ct.App.1988); *State v. Roy*, 113 Idaho 388, 392, 744 P.2d 116, 120 (Ct.App.1987). Where the district court acts within the boundaries of its discretion, consistently with the applicable legal standards and through an exercise of reason, we will not reverse. *Hass*, 114 Idaho at 558, 758 P.2d at 717.

When a discretionary ruling has been tainted by legal or factual error, we ordinarily vacate the decision and remand the matter for a new, error-free discretionary determination by the trial court. *See State v. Morgan*, 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct.App.1985). However, a remand may be avoided where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion. *McDonald v. State*, 124 Idaho 103, 107, 856 P.2d 893, 897 (Ct.App.1992); *Dyer v. State*, 115 Idaho 773, 776, 769 P.2d 1145, 1148 (Ct.App.1989). Therefore, if the district court erred in finding one probation violation but correctly found one or more other violations, remand is not necessary if it is clear from the record that the district court would have revoked probation based solely upon the other violations. *See Idaho v. Mummert*, 98 Idaho 452, 455, 566 P.2d 1110, 1113 (1977).

Here the district court found three violations of Upton's probation agreement in addition to a violation of condition no. 6. First, the court found that Upton had committed grand theft by fraudulently contracting to sell two Emu chicks to an individual and receiving payment of $5,400 when Upton had no ability to deliver the chicks. The court also found that Upton had submitted a falsified travel plan to his probation officer when he informed his probation officer that he was travelling to Missoula, Montana, to contact a person about a livestock business. Instead, Upton had travelled to Superior, Montana, for the purpose of getting married. Finally, the court found that Upton had not made restitution payments as required by his probation agreement.

At the disposition hearing the district court indicated that it originally placed Upton on probation on the understanding that he would be immediately returned to California where he was to serve a prison sentence for similar crimes committed in that state. Apparently California authorities did not proceed as the district court anticipated and, instead, Upton was essentially released by the State of California. The district court indicated that it would not have placed Upton on probation in the first place had it known that he would be at large. The court said:

I'll start by saying this: that at the time I imposed this sentence originally, given Mr. Upton's prior record and history, I would have never, ever, ever, imposed the sentence that was imposed with a probationary term had I not been led to believe that Mr. Upton was not [sic] going to be straightforwardly taken back to California to serve time that I was led to believe he owed that state.

. . . .

I don't believe given the prior record and the history of what has transpired since my entry of judgment and sentence back on July 18, 1992, that there is any reasonable basis for me to believe that Mr. George Washington Upton is amenable to any type of rehabilitation. I don't believe there is anything that I can do that would deter him from committing the same type of offense again if he is allowed the opportunity to do so, he's proven that to me.

I think that for the protection of society, retribution, and deterrence of others, but by and large the protection of society, the only option the court has is to impose the sentence. I've been wearing a black robe up here for fourteen years and almost three months, and I will say that during the time I have been a judge, and I'll even add in the time that I was prosecuting attorney which was another eight years, and some more time that I was, frankly, doing some defense work, I don't think I have ever, ever experienced testimony such as I heard from Mr. Upton.

His testimony, as described by Mr. Watkins, is totally incredible. Totally. I could use stronger words, but I won't. I frankly, at times wondered whether Mr. Upton has gotten to a point where he believes himself.

These comments make it is abundantly clear that the district court considered further probation to be inappropriate in light of Upton's criminal history and his commission of a new theft while on probation, and that the court would have revoked probation regardless of its finding on the alleged violation

of condition no. 6. The trial court properly found that society was at risk if Upton remained at large and that probation had not been successful in fostering rehabilitation. Therefore, without addressing whether Upton violated condition no. 6, we affirm the court's order revoking probation and imposing the previously suspended sentences.

WALTERS, C.J., and PERRY, J., concur.