**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44400/44401**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2017 Unpublished Opinion No. 440** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: April 20, 2017** |
| | ) |
| v. | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **TRENT CHRISTOPHER MATNEY,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Orders revoking probation and executing the underlying sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Supreme Court Docket No. 44400, Trent Christopher Matney pleaded guilty to injury to child, Idaho Code § 18-1501(1). The district court sentenced Matney to a unified six-year sentence, with three years determinate, suspended the sentence, and placed Matney on probation. In Supreme Court Docket No. 44401, Matney pleaded guilty to possession of a controlled substance, I.C. § 37-2732(c)(1). In 44400, Matney admitted to violating the terms of the probation and the district court revoked probation and ordered execution of the original sentence, but retained jurisdiction. In 44401, the district court sentenced Matney to a unified six-year sentence, with three years determinate, and retained jurisdiction. The sentences were ordered to run concurrently. After a period of retained jurisdiction, the district court suspended the

1

sentences and placed Matney on probation.  Subsequently, Matney admitted violating the terms of probation and the district court revoked probation and executed the underlying sentences. Matney appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  I.C. § 19-2601.  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation.  Therefore, the orders revoking probation and directing execution of Matney's previously suspended sentences are affirmed.