**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44607 & 44608**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 491** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 16, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **POETRIUS C. GIOVANNI,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 44607, Poetrius C. Giovanni pled guilty to grand theft. I.C. §§ 18-2403(1) and 18-2407(1)(b). The district court sentenced Giovanni to a unified term of six years, with a minimum period of confinement of two years. The district court retained jurisdiction and sent Giovanni to participate in the rider program. Following successful completion of the retained jurisdiction, the district court suspended the sentence and placed Giovanni on probation.

In Docket No. 44608, Giovanni pled guilty to another count of grand theft. The district court sentenced Giovanni to a unified term of six years, with a minimum period of confinement of two years, to run consecutive to the other sentence for grand theft.

1

As a result of this conviction, Giovanni admitted to violating the terms of his probation in Docket No. 44607, and the district court consequently revoked probation and ordered execution of the original sentence. However, the district court retained jurisdiction and sent Giovanni to participate in the rider program. Following successful completion of the retained jurisdiction, the district court suspended the sentences and again placed Giovanni on probation. Giovanni was charged with a new crime. As a result he admitted to violating the terms of his probation in both grand theft cases. The district court revoked Giovanni's probation in both cases and again retained jurisdiction. Giovanni appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Therefore, the orders

revoking probation and directing execution of Giovanni's previously suspended sentences are affirmed.