**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44578**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2017 Unpublished Opinion No. 515** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: July 12, 2017** |
| | ) |
| v. | ) **Karel A. Lehrman, Clerk** |
| | ) |
| **JUSTIN TYLER SAVELL,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation and executing the underlying sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Justin Tyler Savell pleaded guilty to grand theft, Idaho Code § 56-227, and public assistance fraud, I.C. § 18-3203. The district court sentenced Savell to a unified eight-year sentence, with four years determinate, for grand theft and an indeterminate five-year sentence for public assistance fraud, suspended the sentences and placed Savell on probation. Subsequently, Savell admitted to violating the terms of the probation. Initially, the district court issued a probation violation disposition and retained jurisdiction, but when the district court learned that Savell had been ordered to serve a prison term in a separate case, the court issued an amended probation violation disposition, revoked probation, and ordered execution of the original

1

sentences. Savell appeals, contending that the district court abused its discretion in revoking probation.[1]

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Therefore, the order revoking probation and directing execution of Savell's previously suspended sentences is affirmed.

---

[1]	Savell also appealed the denial of a motion for credit for time served as a condition of probation. Subsequently, the district court granted the time served. Appellant has withdrawn this issue on appeal as moot.