**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45058**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 642 |
| | ) |
| Plaintiff-Respondent, | ) Filed: November 9, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| MICHAEL ANTHONY SANCHEZ, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell , District Judge.

Order revoking probation and executing underlying sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Michael Anthony Sanchez pleaded guilty to two counts of robbery, Idaho Code §§ 18-6501, 18-6502, one count of burglary, I.C. § 18-1401, and one count of grand theft, I.C. §§ 18-2403(1), 18-2407(a)(b). Respectively, the district court imposed two unified thirty-year sentences, with fifteen years determinate, a ten-year determinate sentence, and a fourteen-year determinate sentence with all sentences to be served concurrently. The district court suspended the sentences and retained jurisdiction. After a period of retained jurisdiction, which was continued, the district court suspended the sentences and placed Sanchez on probation. Subsequently, Sanchez admitted to violating some of the terms of the probation and was found to have committed other terms of his probation, and the district court consequently revoked

1

probation and ordered execution of the original sentences. Sanchez filed an Idaho Criminal Rule 35 motion which the district court denied. Sanchez appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Sanchez's sentence. Therefore, the order revoking probation and directing execution of Sanchez's previously suspended sentences is affirmed.