**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45220 & 45221**

| | |
|---|---|
| **STATE OF IDAHO,** | ) 2017 Unpublished Opinion No. 684 |
| | ) |
| **Plaintiff-Respondent,** | ) Filed: December 28, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| **ANDREA ROSE GEISSLER,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Orders revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 45220, Andrea Rose Geissler pled guilty to one count of felony domestic battery. Idaho Code §§ 18-903, -918(2)(a) and (4). In Docket No. 45221, Geissler pled guilty to one count of felony possession of methamphetamine, I.C. § 37-2732(c)(1). In exchange for her guilty pleas, additional charges were dismissed. The district court sentenced Geissler to a unified term of incarceration of six years, with three determinate, for the domestic battery conviction, and five years, with two years determinate, for the possession of methamphetamine conviction, but retained jurisdiction in both cases. After Geissler successfully completed the period of retained jurisdiction, the district court suspended the sentences and placed Geissler on probation for a period of five years. Subsequently, Geissler admitted to violating the terms of her

1

probation, and the district court consequently revoked probation and ordered execution of the original sentences. Geissler appeals, contending that the district court abused its discretion in revoking probation. Geissler does not challenge the length of the underlying sentences.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Geissler's sentences. Therefore, the orders revoking probation and directing execution of Geissler's previously suspended sentences are affirmed.