**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45474**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 5, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PARKER COLE MALONEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Parker Cole Maloney appeals from the district court's order revoking his probation. Maloney asserts that the district court abused its discretion when it refused to consider his argument that certain terms of probation imposed by the probation officer impacted his probation. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Maloney pled guilty to domestic battery in the presence of a child. I.C. §§ 18-903 and 18-918(4) and (5). The district court sentenced Maloney to a unified term of ten years, with a minimum period of confinement of eight years, but after a period of retained jurisdiction, suspended the sentence and placed Maloney on probation for three years.

1

Approximately one year later, a report of probation violation was filed alleging that Maloney violated nine terms of his probation, including three terms required by his probation officer pursuant to the probation officer's decision to place Maloney on a sex-offender supervision agreement. Maloney admitted to violating four terms of probation unrelated to the sex offender agreement. The violations Maloney admitted included violating a no-contact order and failing to complete community service, an anger/domestic violence treatment program, and urinalysis tests as requested. The State dismissed the remaining allegations. At the disposition hearing, Maloney presented testimony from his probation officer regarding the bases for her decision to include Maloney on a sex-offender supervision caseload. At the conclusion of the disposition hearing, the district court revoked Maloney's probation and ordered execution of the original sentence. Maloney appeals.[1]

## II.

## STANDARD OF REVIEW

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, ___ Idaho ___, ___, 429 P.2d 149, 158 (2018).

## III.

## ANALYSIS

Maloney argues that the district court abused its discretion by failing to recognize it had authority to consider Maloney's argument that the sex-offender terms of his probation were improper and, therefore, impacted his ability to "effectively rehabilitate" during his period of

---

[1]    Maloney also filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Although Maloney's amended notice of appeal includes the district court's order denying his Rule 35 motion, he does not challenge the denial of his Rule 35 motion on appeal.

probation. The State responds that, although Maloney has challenged the district court's legal conclusion that it did not have authority to dictate terms imposed by the probation officer, Maloney has failed to challenge the district court's factual determination that those terms did not make a difference to the district court's disposition decision and argues we should affirm on that basis. Alternatively, the State argues that Maloney has failed to show error in the district court's decision to revoke probation. We hold that Maloney has failed to show that the district court abused its discretion in revoking probation.

In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

The only question properly before the Court in this case is whether the district court abused its discretion in revoking probation. The district court revoked probation after Maloney admitted violating four terms of his probation. In revoking probation, the district court specifically discussed its consideration of the four violations Maloney admitted. The district court stated that it gave "little weight" to the community service violation and found the violations related to treatment and drug testing important. However, the district court considered Maloney's violation of the no-contact order "most important." In relation to this violation, the court noted Maloney also had three prior no-contact order violation convictions and commented that Maloney's prior history demonstrated a disregard of district court orders. The district court explained:

> You were told by me, ordered by me not to have contact with this person. You have admitted having contact with that person. This is a person that you beat, and you pled guilty to beating this person. After all of your criminal history and your performance following your retained jurisdiction, I am finding that you are no

3

longer an acceptable risk to be placed on probation, and I am going to impose your prison sentence.

We find no abuse of discretion in the district court's decision to revoke probation on these bases. Maloney's only challenge to this decision is the manner in which the district court considered, or did not consider, his *argument* about how the sex-offender terms impacted his performance on probation. While Maloney presented evidence and argument related to the validity of those terms, those terms did not form the basis of Maloney's admissions to violating his probation, nor did they inform the district court's revocation decision. Thus, we need not decide whether the terms were valid or whether the district court was incorrect in its view that it did not have authority to eliminate those terms of Maloney's probation. *See State v. LeVeque*, 164 Idaho 110, 114, 426 P.3d 461, 465 (2018) (recognizing that courts may consider the validity of probation terms imposed by probation officers, but declining to consider the validity of such terms through the lens of a revocation hearing where the probationer previously had the opportunity to challenge the terms). As for Maloney's argument that the district court abused its discretion by not considering his argument that the sex-offender terms impacted his performance on probation, the district court explained that those terms made "absolutely no difference" to its revocation decision in light of Maloney's admission to violating the no-contact order term. Thus, the record shows that the district court, in addition to listening to evidence about the validity of terms, considered the argument but found "from a factual standpoint" that the argument (and evidence) was irrelevant in light of the probation violations Maloney admitted, his history, and his performance following retained jurisdiction. Maloney has failed to show the district court abused its discretion in revoking probation.

## IV.

## CONCLUSION

Maloney failed to show the district court abused its discretion in revoking probation after Maloney admitted violating four terms of probation, none of which were based on the validity of the sex-offender terms he contends were improper. Therefore, the order revoking probation and directing execution of Maloney's previously suspended sentence is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

4