# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50414/50415/50416

| | |
|---|---|
| STATE OF IDAHO, )<br><br>    Plaintiff-Respondent, )<br><br>v. )<br><br>STEVEN HENRY NATHAN VAN ROSSUM, )<br><br>    Defendant-Appellant. ) | Filed: September 29, 2023<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge; and HUSKEY, Judge

---

PER CURIAM

In Docket No. 50414, Steven Henry Nathan Van Rossum pled guilty to possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a sentence of four years with two years determinate, suspended the sentence and placed Van Rossum on probation for a period of three years.

In Docket No. 50415, Van Rossum pled guilty to possession of a controlled substance (methamphetamine), I.C. § 37-2732(c)(1) and concealment of evidence, I.C. § 18-2603. In exchange for his guilty plea, a persistent violator enhancement was dismissed. The district court

1

continued Van Rossum's probation with one additional year in Docket No. 50414, imposed a sentence of five years with two years determinate for possession of a controlled substance, and four years with two years determinate for concealment. The sentences in Docket No. 50415 were ordered to run concurrently with each other, but consecutively to the sentence in Docket No. 50414. The district court suspended the sentences and placed Van Rossum on probation with an order to complete the mental health program.

Subsequently, in Docket No. 50416, Van Rossum pled guilty to possession of a controlled substance (methamphetamine), I.C. § 37-2732(c)(1), and admitted to violating his probation. In exchange for his guilty plea, an additional charge was dismissed. The district court revoked Van Rossum's probation and imposed a sentence of seven years with three years determinate in Docket No. 50416 to run consecutively to his other sentences and retained jurisdiction. Following the period of retained jurisdiction, the district court returned Van Rossum to probation for a period of three years.

Van Rossum later admitted to again violating his probation by being charged with possession of a controlled substance (methamphetamine), paraphernalia, and domestic violence. Van Rossum ultimately pled guilty to misdemeanor assault, domestic violence, and violating his probation. The district court revoked Van Rossum's probation and executed his sentences with credit for time served.

Van Rossum filed a Rule 35 motion in each of the three cases requesting that he be returned to probation and mental health court. The district court denied the motions for failure to present new information.[1] Van Rossum challenges the district court's decision to revoke his probation and execute his underlying aggregate sentence of sixteen years with seven years determinate.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834

---

[1]     The denial of the Idaho Criminal Rule 35 motions is not at issue in this appeal.

2

P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Van Rossum's sentences. Therefore, the orders revoking probation and directing execution of Van Rossum's previously suspended sentences are affirmed.