**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50723/50724**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: May 29, 2024** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| CODY DARREL KONECNY, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Orders revoking probation and executing Konecny's previously suspended sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Cody Darrel Konecny has two cases in this consolidated appeal. In Docket No. 50723, Konecny pleaded guilty to burglary, Idaho Code § 18-1401. While awaiting sentencing, Konecny pleaded guilty in Docket No. 50724 to burglary, I.C. § 18-1401, and conspiracy to commit burglary, I.C. § 18-4107. At a joint sentencing hearing, in Docket No. 50723, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years, for the burglary conviction. In Docket No. 50724, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years, for the burglary and conspiracy to commit burglary convictions. The sentences were ordered to run concurrently. Following a

1

retained jurisdiction, the district court placed Konecny on a term of probation. Subsequently, Konecny admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Konecny appeals, contending that the district court abused its discretion in revoking probation and executing the sentences.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Konecny's sentences. Therefore, the orders revoking probation and directing execution of Konecny's previously suspended sentences are affirmed.