**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50607 & 50608**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 10, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JONNINE LISA SITTRE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Orders revoking probation and executing previously suspended sentences, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Brian Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

This appeal includes two consolidated cases. In Docket No. 50607, Sittre pled guilty to felony driving under the influence of alcohol or drugs (DUI), Idaho Code §§ 18-8004, -8005(9), and the district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years, and retained jurisdiction. Following her rider, the district court suspended her sentence and placed her on probation. Sittre admitted to violating the terms of her probation, and the district court continued her probation with additional conditions. Thereafter, Sittre again admitted to violating the terms of her probation. In Docket No. 50608, Sittre pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1); the district court

1

imposed a unified sentence of six years, with a minimum period of incarceration of three years, to run concurrently with her sentence in Docket No. 50607. The district court suspended both sentences and placed Sittre on probation. Sittre subsequently admitted to violating her probation in both cases, and the district court continued Sittre on probation with an additional term. Thereafter, Sittre again admitted to violating the terms of her probation in both cases, and the district court revoked her probation and executed her underlying sentences. Sittre timely appeals and asserts the district court abused its discretion by revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Sittre's sentences. Therefore, the orders revoking probation and directing execution of Sittre's previously suspended sentences are affirmed.

2