**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51417**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 4, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHRISTINE CLAIRE HAMILTON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Christine Claire Hamilton pled guilty to criminal possession of a financial transaction card, Idaho Code § 18-3125. The district court imposed a five-year sentence, with a minimum period of incarceration of one and one-half years, suspended the sentence and placed Hamilton on probation. Hamilton was ordered to participate and successfully complete Wood Court. Approximately nine months later, Hamilton was terminated from Wood Court. The State filed a motion for a probation violation, alleging that Hamilton violated her probation, in part, by failing to complete Wood Court. Hamilton admitted to violating her probation by failing to complete Wood Court. The district court found Hamilton violated the terms of her probation and continued her on probation with an additional term of probation that she serve 180 days in the county jail.

1

Hamilton was later released from jail and ordered to wear an ankle monitor in lieu of jail. Subsequently, Hamilton again admitted to violating the terms of her probation, and the district court consequently revoked probation and ordered execution of her previously suspended sentence. Hamilton appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Hamilton's previously suspended sentence Therefore, the order revoking probation and directing execution of Hamilton's previously suspended sentence is affirmed.