# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50900/50901

| | |
|---|---|
| STATE OF IDAHO,<br><br>   Plaintiff-Respondent,<br><br>v.<br><br>BRENT ALAN ROBERTSON,<br><br>   Defendant-Appellant. | Filed: April 3, 2024<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order revoking probation and executing previously suspended sentence in Docket No. 50900; judgment of conviction and sentence in Docket No. 50901, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

  This appeal involves two consolidated cases. In Docket No. 50900, Brent Alan Robertson pleaded guilty to possession of controlled substance, Idaho Code § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Robertson to a unified sentence of five years, with a minimum period of incarceration of two years, suspended the sentence, and placed Robertson on a term of probation. Subsequently, Robertson admitted to violating the terms of the probation. The district court revoked probation and executed the original sentence, but after a period of retained jurisdiction, the district court again suspended the sentence and placed Robertson on a term of probation. Robertson again admitted to violating the terms of

1

his probation. The district court revoked probation and suspended the sentence, adding an additional two years to the length of his probation.

Robertson again admitted to violating the terms of the probation, which included admitting to a new criminal charge in Docket No. 50901. Based on the admission, in Docket No. 50900, the district court revoked Robertson's probation and ordered execution of the previously suspended sentence. In Docket No. 50901, Robertson pleaded guilty to possession of a controlled substance, I.C. § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of seven years, with a minimum period of incarceration of two years, to run concurrently with the sentence in Docket No. 50900. Robertson appeals, contending that the district court abused its discretion in revoking probation in Docket No. 50900 and by imposing an excessive sentence in Docket No. 50901.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Next, sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822

2

P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation and ordering execution of Robertson's previously suspended sentence in Docket No. 50900 or in imposing sentence in Docket No. 50901. Therefore, the order revoking probation and directing execution of Robertson's previously suspended sentence in Docket No. 50900 and the judgment of conviction and sentence in Docket No. 50901 are affirmed.