**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51223/51224**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>BENJAMIN THOMAS ROWLEY, )<br><br>Defendant-Appellant. ) | **Filed: July 29, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders revoking probation and executing previously suspended sentences and orders denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51223, pursuant to a plea agreement, Rowley pled guilty to felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(9), and felony possession of a controlled substance, I.C. § 37-2732(c)(1). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years, and a unified sentence of seven years, with a minimum period of incarceration of five years, respectively. The court ordered the sentences to run concurrently and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Rowley on a term of probation.

1

Rowley admitted to violating the terms of the probation, which included admitting to a new charge in Docket No. 51224. Based on the admissions, in Docket No. 51223, the district court revoked Rowley's probation, ordered execution of the previously suspended sentence, and retained jurisdiction. In Docket No. 51224, Rowley pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A(1). For the felony possession of a controlled substance, the district court imposed a unified sentence of six years, with a minimum period of incarceration of two years. The court ordered the sentence to run consecutively to his sentence in Docket No. 51223 and retained jurisdiction. For the misdemeanor possession of paraphernalia, the district court sentenced Rowley to credit for time served. Following the period of retained jurisdiction, the court suspended the sentences and placed Rowley on a term of probation. Rowley again admitted to violating the terms of the probation, and the district court continued him on probation. Once again, Rowley admitted to violating the terms of the probation, and the district court revoked probation and executed the underlying sentences. Rowley filed an Idaho Criminal Rule 35 motion to reduce the fixed portion of his sentences which the district court denied. Rowley appeals, contending that the district court abused its discretion in revoking probation and executing the underlying sentences and denying his Rule 35 motions.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial

2

court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of the previously suspended sentences.

Next, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the records, including any new information submitted with Rowley's I.C.R. 35 motions, we conclude no abuse of discretion has been shown.

Therefore, the orders revoking probation and directing execution of Rowley's previously suspended sentences and the orders denying Rowley's Rule 35 motions are affirmed.