# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50918/50919

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: August 27, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JASON ROBERT GUFFEY, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation and directing execution of previously suspended sentence in Docket No. 50918; orders denying Guffey's I.C.R. 35 motions in Docket No. 50918 and Docket No. 50919, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 50918, Jason Robert Guffey pleaded guilty to possession of controlled substance, Idaho Code § 37-2732(c)(1). The district court sentenced Guffey to a unified sentence of five years, with a minimum period of incarceration of two years, suspended the sentence, and placed Guffey on a term of probation. Subsequently, Guffey admitted to violating the terms of the probation, and the district revoked probation and executed the previously imposed sentence. After a period of retained jurisdiction, the district court suspended the sentence and placed Guffey back onto probation. Guffey once again admitted to

1

violating the terms of the probation, and the district again revoked probation and executed the previously imposed sentence, but after a second period of retained jurisdiction, the district court suspended the sentence and placed Guffey back onto probation. Thereafter, Guffey again admitted to violating the terms of the probation, which included admitting to a charge of misdemeanor possession of paraphernalia, I.C. § 37-2734A(1), in Docket No. 50919. The district court found Guffey to have also violated another condition of probation. In Docket No. 50918, the district court revoked Guffey's probation and ordered execution of the previously suspended sentence.

In Docket 50919, for the possession of paraphernalia conviction, the district court ordered Guffey to serve 365 days in jail, with credit for 158 days, to run consecutively to his sentence in Docket No. 50918. Guffey filed an Idaho Criminal Rule 35 motion in each case. Finding that Guffey's I.C.R. 35 motions presented no new information or no relevant information, the district court denied Guffey's I.C.R. 35 motions. Guffey appeals, contending that the district court abused its discretion in revoking probation in Docket No. 50918 and by denying his I.C.R. 35 motion in both cases.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

2

Next, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of an I.C.R. 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* Because no new or additional information in support of Guffey's I.C.R. 35 motion was presented, the district court did not abuse its discretion.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Guffey's sentence in Docket No. 50918 or by denying his I.C.R. 35 motions in each case. Therefore, the order revoking probation and directing execution of Guffey's previously suspended in Docket No. 50918 and the orders denying his I.C.R. 35 motions in Docket No. 50918 and Docket No. 50919 are affirmed.