**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52061**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　Plaintiff-Respondent,<br><br>v.<br><br>JARED DARREN KIRSCHMER,<br><br>　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: September 5, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Order revoking probation and ordering execution of previously suspended reduced sentence, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Jared Darren Kirschmer pleaded guilty to malicious injury to property, Idaho Code § 18-7001(2). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a withheld judgment and placed Kirschmer on probation for a term of three years. Subsequently, Kirschmer admitted to violating the terms of the probation, and the district court consequently revoked the withheld judgment and imposed a unified sentence of five years, with a minimum period of incarceration of three years, but suspended the sentence and placed Kirschmer on probation for a term of four years. Kirschmer once again admitted to violating the terms of probation. The district court revoked probation and ordered execution of the original sentence but

1

sua sponte reduced Kirschmer's sentence to a unified term of five years, with a minimum period of incarceration of one and one-half years. Kirschmer filed a motion to reconsider pursuant to Idaho Criminal Rule 35, which the district court denied. Kirschmer appeals, contending that the district court abused its discretion in revoking probation and denying his I.C.R. 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Next, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Kirschmer's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of

Kirschmer's reduced sentence. Therefore, the district court's order revoking probation and directing execution of Kirschmer's reduced sentence and order denying Kirschmer's I.C.R. 35 motion are affirmed.