**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51795/51796/51797**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>SHANE CHARLES SHANTIE,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed:  October 24, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Barbara Duggan, District Judge.

Orders revoking probation and execution of previously suspended sentences, <u>affirmed</u>; orders denying Idaho Criminal Rule 35 motions, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

This appeal involves three consolidated cases.  In Docket No. 51795, Shane Charles Shantie pled guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c)(1).[1] In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator.  The district court imposed a unified sentence of seven years, with a minimum period of incarceration of three years, but after a period of retained jurisdiction, suspended the sentence and placed Shantie on probation.  While on probation, Shantie received

_____

[1]     Shantie also pled guilty to misdemeanor injury to child, Idaho Code § 18-1501(2).  That conviction is not at issue in this appeal.

1

new criminal charges in Docket No. 51796. Pursuant to a plea agreement, Shantie admitted to violating the terms of the probation in Docket No. 51795, and in Docket No. 51796, Shantie pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. In Docket No. 51795, the district court revoked probation, executed the previously imposed sentence, and retained jurisdiction; in Docket No. 51796, the district court imposed a unified sentence of seven years, with a minimum period of incarceration of three years, to run concurrently with the sentence in Docket No. 51795, and retained jurisdiction. After a period of retained jurisdiction, the district court suspended both sentences and placed Shantie on probation.

Subsequently, Shantie received new criminal charges in Docket No. 51797. Pursuant to a plea agreement, Shantie pled guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1) and admitted to violating the terms of the probation in Docket Nos. 51795 and 51796. In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. In Docket Nos. 51795 and 51796, the district court revoked probation and executed the underlying sentences; in Docket No. 51797, the district court imposed a unified sentence of seven years, with a minimum period of incarceration of four years, to run concurrently with the sentences in Docket Nos. 51795 and 51796. The district court suspended all three sentences and placed Shantie back on probation. Shortly thereafter, Shantie admitted to violating his probation in Docket Nos. 51796 and 51797; the district court continued Shantie's term of probation in each case for an additional two years. Shantie again received new criminal charges. Pursuant to a plea agreement, the State agreed to dismiss the new case and Shantie admitted to violating the terms of probation in Docket Nos. 51795, 51796, and 51797. The district court revoked Shantie's probation and imposed his underlying sentences in all three cases.

Shantie filed an Idaho Criminal Rule 35 motion in each of the three cases, which the district court denied. Shantie appeals, asserting the district court abused its discretion by revoking probation and executing his underlying sentences, and by denying his Rule 35 motions.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving

2

the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Upon review of the record, we cannot say that the district court abused its discretion in revoking probation.

Next, we review whether the district court erred in denying Shantie's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Shantie's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, the orders revoking probation and directing execution of Shantie's previously suspended sentences, and the district court's orders denying Shantie's Rule 35 motions, are affirmed.