**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52511 & 52512**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>KEITH BRADLEY NYQUIST,<br><br>　　　　Defendant-Appellant. | **Filed:  December 18, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Orders revoking probation and ordering execution of previously suspended sentences, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

In Docket No. 52511, Keith Bradley Nyquist pleaded guilty to felony driving under the influence (DUI), Idaho Code §§ 18-8004, -8005(6).  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years, and ordered the sentence to run consecutively to a sentence imposed in previous case.  After a period of retained jurisdiction, the district court suspended the sentence and placed Nyquist on probation.  While on probation, Nyquist received new criminal charges in Docket No. 52512.  Pursuant to a plea agreement, Nyquist admitted to violating terms of the probation in Docket No. 52511; in Docket No. 52512[1], Nyquist pleaded

---

[1]    Nyquist also pleaded guilty to misdemeanor driving without privileges, Idaho Code § 18-8001(1)(a), and was sentenced to credit for time served.  Nyquist does not challenge this sentence on appeal.

1

guilty to felony DUI, I.C. §§ 18-8004, -8005(6), and the State agreed to dismiss additional charges including an allegation that Nyquist is a persistent violator.

In Docket No. 52511, the district court revoked probation and ordered execution of the original sentence. In Docket No. 52512, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of six years, to run consecutively to the sentence in Docket No. 52511, and retained jurisdiction. Nyquist filed an Idaho Criminal Rule 35 motion in Docket No. 52511 requesting the district court to retain jurisdiction in that case or run the sentence concurrently with the sentence in Docket No. 52512. The district court granted the I.C.R. 35 motion and retained jurisdiction in Docket No. 52511. After a period of retained jurisdiction, the district court suspended the sentences and placed Nyquist on probation. Nyquist again admitted to violating terms of the probation and, in each case, the district court revoked probation and executed the previously suspended sentences. Nyquist filed an I.C.R. 35 motion in Docket No. 52512, which the district court denied. Nyquist appeals, contending that the district court abused its discretion in revoking probation in both Docket Nos. 52511 and 52512, and in denying his I.C.R. 35 motion in Docket No. 52512.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct.

2

App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Next, we review whether the district court erred in denying Nyquist's I.C.R. 35 motion in Docket No. 52512. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of an I.C.R. 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.*

Accompanying Nyquist's I.C.R. 35 motion were three letters of support, which the district court read. The district court specifically found that Nyquist's I.C.R. 35 motion did not contain any new evidence or any new and relevant evidence. The district court specifically noted the contents of the letters and that much of the content had been addressed during the probation violation disposition hearing. The district court addressed and discounted the authors' feelings that giving Nyquist another opportunity at treatment would help Nyquist, his family, and the community. The district court ultimately concluded that the contents of the letters contained no new or additional information in support of Nyquists's I.C.R. 35 motion and denied the motion. Nyquist contends the district court erred by failing to recognize that the information was additional or new and by improperly applying the federal law counterpart definition of "new." The district court recognized the additional information but determined that it did not provide evidence that was sufficient to warrant reduction in sentence. The district court did not act outside the applicable legal standard or fail to consider the information submitted in support of the I.C.R. 35 motion.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Nyquists's sentences in Docket Nos. 52511 and 52512 or in denying Nyquist's I.C.R. 35 motion in Docket No. 52512. Therefore, the district court's orders revoking probation and directing execution of Nyquists's previously suspended sentences and denying Nyquist's I.C.R. 35 motion are affirmed.

3