**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52742 & 52743**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>REGINALD CHAMBERLAIN NAVO, )<br><br>Defendant-Appellant. ) | Filed: February 9, 2026<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Order revoking probation and ordering executing of previously suspended sentence in Docket No. 52742, <u>affirmed</u>; judgment of conviction and unified sentence of six years, with a minimum period of incarceration of three years, for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 52742, Reginald Chamberlain Navo pleaded guilty to felony driving under the influence (DUI), Idaho Code §§ 18-8004, -8005(6). In exchange for his guilty plea, the State agreed to not file additional charges. The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years, suspended the sentence and placed Navo on probation. While on probation, Navo received new criminal charges in Docket No. 52743. Navo admitted to violating terms of the probation in Docket No. 52742, and the district court consequently revoked probation and ordered

1

execution of the previously suspended sentence. In Docket No. 52743, Navo pleaded guilty to felony DUI, I.C. §§ 18-8004, -8005(9). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified sentence of six years, with a minimum period of incarceration of three years, and ordered the sentence to run concurrently with the sentence in Docket No. 52742. Navo appeals, contending the district court abused its discretion in revoking probation in Docket No. 52742 and that the sentence in Docket No. 52743 is excessive.[1]

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho

---

[1]     Navo filed an Idaho Criminal Rule 35 motion in both cases, which the district court denied. Navo does not challenge the denial of those motions on appeal.

722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Navo's sentence in Docket No. 52742 or by imposing sentence in Docket No. 52743. Therefore, the order revoking probation and directing execution of Navo's previously suspended sentence in Docket No. 52742 and the judgment of conviction and sentence in Docket No. 52743 are affirmed.