**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52796**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: March 4, 2026** |
| **Plaintiff-Respondent,** ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| TIFFANY DYAN WIGGINS, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order revoking probation and ordering execution of previously suspended sentence, <u>affirmed</u>; order denying Idaho Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge,
and LORELLO, Judge

_____

PER CURIAM

Tiffany Dyan Wiggins pleaded guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c). In exchange for her guilty plea, additional charges were dismissed. The district court imposed a unified sentence of five years, with a minimum period of incarceration of one year, suspended the sentence and placed Wiggins on probation. Subsequently, Wiggins was found to have violated terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Wiggins filed an Idaho Criminal Rule 35 motion, which the district court denied. Wiggins appeals, contending that the district court abused its discretion in revoking probation and ordering execution of her previously suspended sentence and in denying her I.C.R. 35 motion.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying these standards, we concluded Wiggins has failed to show the district court abused its discretion in revoking her probation.

Next, we review whether the district court erred in denying Wiggins' I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Wiggins' I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

The order revoking probation and directing execution of Wiggins' previously suspended sentence, and order denying Wiggins' I.C.R. 35 motion are affirmed.